IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| JAMAR BROOKS HAILEY, ) | |
| ) | |
| Petitioner, ) | |
| ) | 1:11CV102 |
| v. ) | 1:04CR161-1 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE

Petitioner Jamar Brooks Hailey, a federal prisoner, has brought a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [Doc. #41], along with several other motions that will be discussed below. Petitioner was indicted on, and later pled guilty to, a single count of possession of a firearm following a felony conviction in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). He was sentenced as an Armed Career Criminal to 190 months of imprisonment and five years of supervised release.

Following an unsuccessful direct appeal, Petitioner filed a "Motion Filed Pursuant to 18 U.S.C. § 3582(c)2" [Doc. #38] based on Amendment 709 to the United States Sentencing Guidelines. That Motion remains pending. He later brought the present Motion under § 2255 alleging that his sentence as an armed career criminal was invalid because the prior predicate offenses used for the sentencing enhancement were either not proper predicates or were miscounted. Respondent responded to the initial § 2255 Motion with a Motion to Dismiss [Doc. #53] for being untimely filed. Petitioner opposed the Motion to Dismiss, but also later

filed a "Motion for Summary Judgment and Expediting of Case Pursuant to F. R. Civ. P. 56" [Doc. #56]. Two and a half months later, he filed what was construed as a Motion to Amend [Doc. #57][1] the § 2255 Motion to add a claim in light of United States v. Simmons, 649 F.3d 237 (4th Cir. 2011). Ordered to respond, the Government argued that the Simmons claim was also untimely and should be dismissed. Petitioner then filed a second "Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2)" [Doc. #60] in which he again raised some form of his prior arguments. Respondent has now provided a Supplemental Response to the § 2255 Motion [Doc. #29] conceding that Simmons requires that Petitioner be resentenced without any Armed Career Criminal enhancement.

In considering the Government's concession, the Court notes that under § 18 U.S.C. § 924(e), an Armed Career Criminal 15-year mandatory minimum sentence applies if a person violates 18 U.S.C. § 922(g) as a felon in possession of a firearm and has three previous convictions for "a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e). However, in Simmons, the Fourth Circuit held that whether a prior offense was a "felony" depended upon the maximum sentence that that particular defendant faced at the time of the prior conviction, in light of his criminal history, rather than the maximum sentence that could have been imposed on a defendant with the worst possible record. See Simmons, 649 F.3d at 241-47. In the present case, based on the evidence presented, Petitioner's prior North Carolina state court conviction for eluding arrest with a

---

[1] The undersigned entered an Order [Doc. #58] granting the Motion to Amend, but the docket sheet reflects that the Motion to Amend remains pending. The Motion to Amend should be terminated based on the prior Order.

2

motor vehicle was a Class H felony for which the presumptive range of sentencing applied. Based on Petitioner's prior record level of III, the maximum sentence he faced under North Carolina law for this conviction, as analyzed in Simmons, was less than 12 months. See N.C. Gen. Stat. § 15A-1340.17(c) and (d) (for offenses committed between Dec. 1, 1995 and Nov. 30, 2009); see also United States v. Cook, 457 F. App'x 285 (4th Cir. 2011) (applying Simmons to the determination of whether predicates were properly counted for purposes of § 924(e)). Therefore, that prior conviction is not a "felony" under Simmons and cannot be used to support Petitioner's sentence as an Armed Career Criminal. Based on this determination, and based on the concession by the Government that Petitioner is entitled to relief under § 2255,[2] the Court

---

[2] This Court construes this concession as a waiver of any waivable defenses that might otherwise apply, and the Court proceeds on the basis of that waiver. See Day v. McDonough, 547 U.S. 198, 202 (2006); Wood v. Milyard, 132 S. Ct. 1826, 1830 (Apr. 24, 2012); see also Yeatts v. Angelone, 166 F.3d 255, 261 (4th Cir. 1999) ("[T]he issue of procedural default generally is an affirmative defense that the state must plead in order to press the defense thereafter."). In addition, the Court notes that by this concession, the Government has taken the position that Simmons applies on collateral review under 28 U.S.C. § 2255, and that the claims raised are cognizable in these proceedings, at least with respect to defendants who were sentenced as Armed Career Criminals, but who would not have the requisite predicate offenses in light of Simmons and therefore would be serving a sentence greater than the statutory maximum that should apply. See also United States v. Callihan, Case No. 1:08CR321-1 (M.D.N.C. Feb. 8, 2012) (vacating sentence and granting resentencing on a § 2255 Motion that was timely under § 2255(f)(1), based on the Government's concession that relief was appropriate for a defendant sentenced as an Armed Career Criminal who no longer had qualifying predicates to support the enhancement in light of Simmons). In taking this position, the Government has agreed that Simmons announced a new substantive rule of criminal law, at least as to those defendants who were originally sentenced as Armed Career Criminals but in light of Simmons would be serving a sentence greater than the statutory maximum that should apply. Cf. Teague v. Lane, 489 U.S. 289, 306 (1989) (noting that new procedural rules are generally not applicable on collateral review, but new substantive rules are applicable on collateral review); Schriro v. Summerlin, 542 U.S. 348, 353 (2004) (noting that "[a] rule is substantive rather than procedural if it alters the range of conduct or the class of persons that the law punishes"). This Court notes that the recent decision of the Court of Appeals for the Fourth Circuit in United States v. Powell concluded that the decision in Carachuri-Rosendo v. Holder, 130 S. Ct. 2577 (2010), which preceded Simmons, was a procedural rule not retroactively applicable on collateral review. See United States v. Powell, 691 F.3d 554 (4th Cir. 2012). However, in Powell, the Government took the position that the decision in Simmons, unlike Carachuri, "may have announced a new substantive rule of criminal law." Id. Therefore, the Court in Powell did not have before it the issue of whether Simmons was a procedural rule or a substantive rule applicable on collateral review. Thus, it does not appear that the decision in Powell would preclude the position the Government takes here. In the circumstances, this Court will accept the Government's concession and will recommend that relief be allowed based on that concession.

3

will recommend that Petitioner's Motion to Vacate, Set Aside or Correct Sentence be granted as to his claim under Simmons, that Petitioner's sentence be vacated, and that this matter be set for resentencing. This recommendation moots the other issues raised by Petitioner in his various filings because they are all sentencing arguments which, if they have merit, can be raised at resentencing.

IT IS THEREFORE RECOMMENDED that Petitioner's Motion Vacate, Set Aside or Correct Sentence [Doc. #41], as amended [Doc. #57], be GRANTED as to his claim under Simmons, but DENIED otherwise for being moot, that the Judgment [Doc. #31] be VACATED, and that this case be set for resentencing in light of the Government's concession.

IT IS FURTHER RECOMMENDED that the Government's prior Motion to Dismiss [Doc. #53] be deemed WITHDRAWN.

IT IS FURTHER RECOMMENDED that Petitioner's "Motion Filed Pursuant to 18 U.S.C. § 3582(c)2" [Doc. #38], "Motion for Summary Judgment and Expediting of Case Pursuant to F. R. Civ. P. 56" [Doc. #56], and "Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2)" [Doc. #60] be DENIED for being moot.

This, the 17th day of December, 2012.

/s/ Joi Elizabeth Peake
United States Magistrate Judge